CLAUDE McRAVEN *et al.,* Plaintiffs-Appellants, *v.* JAMES E. CHARLES *et al.,* Defendants-Appellees.

(No. 71-51; ▮▮▮▮▮

Fifth District—August 8, 1972.

E. Charles Geittmann of Geittmann and Schulhof, of Metropolis, for appellants.

R. Corydon Finch, of Anna, for appellees.

Mr. JUSTICE CREBS delivered the opinion of the court:

Plaintiffs filed an action for injunction and declaratory relief. There is a dispute as to what action was taken and the record is not as clear as we would like. Plaintiffs contend that the cause was disposed of by motion only. However, it does appear that evidence was presented by both sides and the attorneys for each side argued the merits. We therefore conclude that there was a trial on the merits after which the trial court found that plaintiffs' use of the disputed roadway was by permission of defendants and entered judgment for defendants. Plaintiffs have appealed claiming both that they had an easement and that the roadway was a public highway.

■■ In 1948, a roadway to plaintiffs' land was moved and it thereafter crossed land owned by defendants and their predecessors in title. From 1948 until defendants closed the road in 1969, the road was used by plaintiffs, their predecessors in title and all other persons who had occasion to travel in that direction. The dispute turns on whether the use was with permission. A permissive use does not ripen into either a private easement or a public way. (*Koch v. Mraz*, 334 Ill. 57.) On the other hand adverse use for the statutory period changes the ownership of the roadway.

■■ Thus a review of the evidence is necessary. While plaintiffs' witnesses generally claimed a right to the roadway, there was contrary testimony offered by plaintiffs.

Plaintiffs, James Pickles', testimony included the following:

"Q. In other words, after talking to Mrs. Goleaner, they came to your father to get permission to come across your land?

A. Yes.

Q. Did you understand from whatever Clovis said that Mrs. Goleaner had given Clovis and Mac McRaven and Claude McRaven and Kenneth Eudy permission to build a road where it exists now?

A. That's what he said."

Also the testimony of Clovis Eudy, called by plaintiffs, contains the following:

"Q. You claimed the right to use this road after it was fixed up, didn't you?

A. I certainly did.

Q. Was that based on the fact that Mrs. Goleaner and her son, Bobby, gave you permission to do it?

A. That is right."

Bobby Goleaner testifying for defendants stated that in 1948, his mother, the then owner, refused to give an easement but did give permission to use the roadway.

The record also shows that in 1953 the parties using the disputed roadway had prepared a right of way easement and presented it to Mrs. Goleaner and she refused to sign it.

We think this evidence clearly shows that the use was by permission.

Numerous other points are raised but in view of this finding, we do not consider it necessary to discuss them.

Judgment affirmed.

G. MORAN, P. J., and JONES, J., concur.